UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA SUMMERS, | ) |
| Plaintiff, | ) |
| | ) Case No. 13 C 1312 |
| v. | ) |
| | ) Judge George M. Marovich |
| ELECTRO-MOTIVE DIESEL, INC., | ) |
| a wholly-owned subsidiary of | ) |
| CATERPILLAR, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed an objection to Magistrate Judge Mason's September 9, 2014 order. Specifically, plaintiff argues that she should be allowed to reopen discovery in order to re-depose three witnesses. For the reasons set forth below, the Court overrules plaintiff's objection.

**I.      Background**

In February 2013, plaintiff filed her complaint in which she alleges that defendant violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act and the Equal Pay Act. Discovery officially began on May 2, 2013, when the parties held their Rule 26(f) conference. On August 7, 2013, Magistrate Judge Mason set a discovery cut-off of November 7, 2013. On September 26, 2013, the parties asked Judge Mason to extend the discovery deadline, and he did. Judge Mason set the new discovery cut-off at February 5, 2014 and ordered "[n]o extensions absent extraordinary circumstances."

At a status hearing on February 5, 2014 (the last day of discovery), plaintiff's counsel asked for another extension in order to take seven depositions. It is unclear why plaintiff had not taken her depositions sooner. Judge Mason described the conversation in a subsequent order:

> At the 02/05/14 status hearing, . . . plaintiff's counsel requested two additional weeks to complete the remaining seven depositions. "In the spirit of cooperation," defendant's counsel offered plaintiff twenty-one days, until 02/26/14, to complete the remaining depositions. In addition, defendant's counsel asked that the discovery extension be granted only for the limited purpose of taking the remaining seven depositions, and not for any additional written discovery. Plaintiff's counsel qualified defense counsel's request by asking that any relevant documents that might arise in the course of the upcoming depositions be discoverable. The parties and the Court agreed.

(Docket entry 64 at 2). Thus, on February 5, 2014, Magistrate Judge Mason ordered as follows: "As stated on the record, discovery is extended until 2/26/14 for the purpose of completing the remaining seven depositions. No further extensions will be granted." (Docket entry 37).

Not long thereafter, defendant filed a motion for a protective order, and plaintiff filed a motion to compel. In her motion to compel, plaintiff argued that defendant should produce additional documents and that she should be allowed to re-depose witnesses after she received the additional documents.

Magistrate Judge Mason issued his opinion on June 2, 2014. Judge Mason stated that he would only consider plaintiff's request for documents that plaintiff became aware of through the seven depositions. (Docket entry 64 at 2) ("Based on the agreement the parties and the Court reached at the 02/05/14 status, for purposes of this order, we will only consider plaintiff's request for documents that arose from depositions taken between the 02/05/14 status and the close of discovery on 02/26/14."). Judge Mason rejected plaintiff's attempt to compel production of other documents that plaintiff could have asked for earlier in discovery. He

determined that defendant had answered plaintiff's discovery requests in June 2013 and that plaintiff had waited too long to complain that defendant's production was insufficient. (Docket entry 64 at 3 ("we find that if these documents were so critical to plaintiff's depositions and if defendant did not sufficiently answer Interrogatory No. 14 in June of 2013, Summers should not have waited until after her depositions were completed [to move to compel]") and 7 ("Documents reflecting the RIF were produced in June of 2013. Regardless of whether careless error or neglect of the case caused plaintiff to overlook the RIF referenced in defendant's production in June of 2013, the fact remains that plaintiff should have been aware of the RIF nine months before Ms. [sic] Strimaitis and Ms. McNeill were deposed. Plaintiff does not specifically request any documents referenced in Mr. Strimaitis' or Ms. McNeill's testimony, and nothing in their testimony indicates that there are unproduced RIF documents. For those reasons, plaintiff's motion to compel with respect to any and all documents directing Paul Strimaitis to reduce headcount and any all documents used for the process is denied."). Although Magistrate Judge Mason declined to order defendant to produce many of the documents plaintiff moved to compel, he ordered defendant to produce certain documents that were referred to during the depositions plaintiff took between February 5 and February 26, 2014. Defendant did so, producing more than 2,000 documents.

In addition to documents, plaintiff, in her March 2014 motion to compel, also requested the right to re-depose witnesses about any new documents defendant might produce after the motion to compel. In his June 2, 2014 order, Magistrate Judge Mason denied the request. He said:

> Plaintiff first requests the right to depose or re-depose witnesses about EMD's new production. (Mot. to Compel at 14.) As discussed on the record at

> the 02/05/14 status, by agreement of the parties, discovery was extended for three weeks to allow plaintiff to take her seven remaining depositions. At that status, the Court agreed to allow documents discussed for the first time at those depositions to be produced. The Court also stated that no further discovery extensions would be granted. The Court stands by its 02/05/14 order. The remaining seven depositions have been completed, additional documents have or will be produced, and discovery is now closed. Time for additional depositions will not be granted. Plaintiff's request for the right to depose or re-depose witnesses is denied.

(Docket entry 64 at 9). With discovery closed, Judge Mason closed the discovery referral. Plaintiff did not file any objections to Judge Mason's June 2, 2014 order.

Two months later, plaintiff filed a motion with this Court asking leave to file before Magistrate Judge Mason a motion for leave to re-depose three witnesses. Plaintiff did not inform this Court that Magistrate Judge Mason had already denied her request to re-depose witnesses. This Court allowed plaintiff to make her motion. Magistrate Judge Mason was not persuaded to allow plaintiff to re-depose the witnesses. On September 9, 2014, he said, among other things:

> [P]laintiff ignores this Court's ruling on the parties' last round of discovery motions. In that ruling, though recognizing that additional documents would be produced, we stated, "Time for additional depositions will not be granted. Plaintiff's request for the right to depose or re-depose witnesses is denied." (Order at 9.) We also noted that plaintiff should have been aware of the RIF issue in June of 2013, well before she initially took the depositions of the three individuals at issue here.
> \* \* \*
> On the record before us, we find that plaintiff has failed to show good cause to re-open discovery to take continued depositions of the three individuals, even on a limited basis. Plaintiff's motion is denied and fact discovery remains closed.

(Docket entry 84 at 1-2).

Plaintiff filed an objection to Magistrate Judge Mason's September 9, 2014 order.

## II.  Standard of review

When a party timely objects to a pretrial, non-dispositive ruling by a magistrate judge, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a). "These standards do not necessarily restrict district court review of a magistrate's findings." *United States v. Frans*, 697 F.2d 188, 191 n. 3 (7th Cir. 1983). A district court is allowed to conduct "a full review." *Id.*

## III.  Discussion

On September 22, 2014, plaintiff filed an objection to Magistrate Judge Mason's September 9, 2014 order, in which he rejected plaintiff's request that she be allowed to re-depose three witnesses. Plaintiff argues that she should be allowed to re-depose three witnesses, because defendant produced more than 2,000 documents after the close of discovery.

> Rule 72(a) of the Federal Rules of Civil Procedure provides:
>
> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. *A party may not assign as error a defect in the order not timely objected to.* The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed.R.Civ.P. 72(a) (emphasis added).

The Court concludes that plaintiff filed her objection too late, and, therefore, the Court overrules the objection. Magistrate Judge Mason ruled on June 2, 2014 that plaintiff could not re-depose witnesses. (Docket entry 64 at 9) ("Plaintiff first requests the right to depose or re-depose witnesses about EMD's new production. (Mot. to Compel at 14.) As discussed on the record at the 02/05/14 status, by agreement of the parties, discovery was extended for three

weeks to allow plaintiff to take her seven remaining depositions.  At that status, the Court agreed to allow documents discussed for the first time at those depositions to be produced.  The Court also stated that no further discovery extensions would be granted.  The Court stands by its 02/05/14 order.  The remaining seven depositions have been completed, additional documents have or will be produced, and discovery is now closed.  Time for additional depositions will not be granted.  Plaintiff's request for the right to depose or re-depose witnesses is denied.").  Pursuant to Rule 72(a), any objection to that ruling had to be filed within 14 days after service of that order.  Plaintiff did not file her objection until September 22, more than three months later.  The time for filing an objection was not extended merely because the plaintiff asked Judge Mason a second time for the same relief he had already denied her.  A party cannot get around the limitations period for filing an objection to an order by filing a second motion asking for the same relief.  Plaintiff's objection is untimely and is, therefore, overruled.

Even if plaintiff had timely filed her objection, the Court still would have overruled the objection.  Plaintiff has not shown that Judge Mason's decision was clearly erroneous or contrary to law.  To the contrary, the Court agrees with Judge Mason that plaintiff did not show good cause for a discovery extension to re-depose three witnesses.  The question is not whether plaintiff had a good reason to want to re-depose the witnesses.  The question is whether she had good cause for getting an extension of time to do so, because discovery had already closed.

Plaintiff's lack of diligence during the discovery period evidences a lack of good cause.  Discovery commenced in May 2013.  By the close of discovery on February 5, 2014 (i.e., nine months later), plaintiff had taken only three of the ten depositions she wanted to take.  At the February 5, 2014 status conference with Judge Mason, plaintiff asked for more time.  Defendants

agreed to allow 21 additional days, so long as it was only for depositions, not written discovery. Plaintiff argued that she should be allowed to ask for documents that became apparent during the remaining seven depositions. According to Judge Mason (as he described it in his June 2, 2014 order), he and the parties agreed that plaintiff could have 21 additional days of discovery to take her seven depositions and could ask for additional documents that became apparent during those depositions; but, that was to be the end of fact discovery in this case. Plaintiff did not object to Judge Mason's February 5, 2014 decision.

Later, when plaintiff asked to re-depose witnesses, Judge Mason referred back to his February 5, 2014 order. In his June 2, 2014 order, Judge Mason said that he had already told plaintiff she would not get an extension for more discovery other than the seven depositions and any documents referenced in those depositions. That decision was not clearly erroneous or contrary to law. That plaintiff learned new information after the close of discovery was not good cause for an extension, because it was plaintiff's lack of diligence that put her in the position of learning the information so late. Plaintiff could have avoided the problem she faced by taking her discovery sooner. Had plaintiff deposed the witnesses months earlier, for example, she would have had time to request additional documents and, if necessary, re-depose the witnesses before discovery closed. Lack of diligence is not good cause for an extension of time for discovery.

Plaintiff's objection is overruled.

## IV. Conclusion

For the reasons set forth above, the Court overrules plaintiff's objection [86] to Judge Mason's September 9, 2014 order.

ENTER:

George M. Marovich
United States District Judge

DATED: October 10, 2014